## CAREY *v.* DONOHUE, TRUSTEE IN BANKRUPTCY OF HUMPHREYS.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 179. Argued January 17, 1916.—Decided March 13, 1916.

The reference to the requirement for record in § 60 of the Bankruptcy Act is not to a requirement for the protection of *bona fide* purchasers without notice and who are outside the purview of the act, but to a requirement of record for protection of creditors and persons interested in the bankrupt's estate and in whose behalf or place the trustee is entitled to act; and where there is no such requirement and the transfer was made more than four months before the filing of the petition there can be no recovery under § 60.

A provision in a state statute that instruments conveying real estate shall until filed for record be deemed fraudulent, only so far as relates to subsequent *bona fide* purchasers without knowledge or notice, as in § 8543, General Code of Ohio, is not a requirement that the instrument be recorded within the meaning of § 60 of the Bankruptcy Act.

The amendment of February 5, 1903, to § 60 of the Bankruptcy Act as finally enacted did not make § 60 so conform to § 3 b that the same rule was established for computing the time within which a petition might be filed after a transfer giving a preference, and the time within which under § 60 the trustee might commence an action to recover property preferentially transferred.

The legislative history of the amendment of February 5, 1903, shows that Congress by the final omission of the provision in regard to possession, originally included in the bill as it passed the House of Representatives but struck out in the Senate, deliberately refused to make such conformity; and the courts cannot supply by construction that which Congress has clearly shown its intention to omit.

213 Fed. Rep. 1021, reversed.

THE facts, which involve the construction and application of § 60 of the Bankruptcy Act and the validity of a judgment setting aside transfers made more than four months before the petition, are stated in the opinion.

*Mr. Morison R. Waite,* with whom *Mr. John Randolph Schindel* was on the brief, for appellant.

*Mr. E. R. Donohue,* with whom *Mr. David Davis* and *Mr. W. G. Durrell* were on the brief, for appellee.

MR. JUSTICE HUGHES delivered the opinion of the court.

This suit was brought by a trustee in bankruptcy to set aside a transfer made by the bankrupt of certain real estate. Upon appeal from a decree in favor of the trustee, it was held by the Circuit Court of Appeals that the case had been tried, and the decree was based, upon the theory of preference voidable under the Bankruptcy Act, and for the purpose of appropriate amendment to conform the bill to the proof, the decree was reversed and the cause was remanded. 209 Fed. Rep. 328. The amendment was made accordingly, and the decree was reëntered and affirmed. 213 Fed. Rep. 1021.

The petition in involuntary bankruptcy was filed on January 3, 1911, and the adjudication was had on January 24, 1911. The following facts appear from the findings: On August 6, 1910, John E. Humphreys (the bankrupt) executed and delivered to Walter J. Carey (the appellant) the deed in question. It was left for record on November 15, 1910, with the recording officer of the proper county, and was recorded. Humphreys was insolvent at the time of the execution of the deed, and Carey at that time had reasonable cause to believe that such transfer to him if made would effect a preference, being given in payment of an antecedent debt. On December 31, 1910, Carey conveyed the property to innocent purchasers, this deed being left for record on January 3, 1911. It was held that the latter conveyance placed the property itself beyond the reach of the court; and judgment was given in favor of the trustee and against Carey for the

value of the property as found by a jury, with provision
for the payment by the trustee to the wife of the bankrupt
of the estimated value of her inchoate right of dower.

We are not concerned with the provisions of the Ohio
statute relating to preferences (General Code, §§ 11104,
11105),—a statute which provides a different test of lia-.
bility from that of § 60 [1] of the Federal Act pursuant to
which the recovery was had. (209 Fed. Rep. 331, 332.)
The sole question presented for the consideration of this
court is whether the deed executed by the bankrupt
was one which was 'required' to be recorded within the
meaning of this section. If it was not, there could be no
recovery of the property under § 60, as the deed was

---

[1] The applicable provisions of § 60 are as follows:

"SEC. 60. PREFERRED CREDITORS—a. A person shall be deemed to
have given a preference if, being insolvent, he has, within four months
before the filing of the petition, or after the filing of the petition and
before the adjudication, procured or suffered a judgment to be entered
against himself in favor of any person, or made a transfer of any of
his property, and the effect of the enforcement of such judgment or
transfer will be to enable any one of his creditors to obtain a greater
percentage of his debt than any other of such creditors of the same
class. Where the preference consists in a transfer, such period of four
months shall not expire until four months after the date of the record-
ing or registering of the transfer, if by law such recording or registering
is required.

"b. If a bankrupt shall have procured or suffered a judgment to be
entered against him in favor of any person or have made a transfer
of any of his property, and if, at the time of the transfer, or of the
entry of the judgment, or of the recording or registering of the transfer
if by law recording or registering thereof is required, and being within
four months before the filing of the petition in bankruptcy or after
the filing thereof and before the adjudication, the bankrupt be in-
solvent and the judgment or transfer then operate as a preference, and
the person receiving it, or to be benefited thereby, or his agent acting
therein, shall then have reasonable cause to believe that the enforce-
ment of such judgment or transfer would effect a preference, it shall
be voidable by the trustee and he may recover the property or its value
from such person."

executed and delivered more than four months before
the petition in bankruptcy was filed. If the deed was
required to be recorded in the sense of the statute, it is
clear that the trustee was entitled to recover, as the re-
cording was within the four months' period and the
other conditions of recovery were satisfied.

The provision for the recording of the deed is found in
§ 8543 of the General Code of Ohio, which follows the
requirement for the recording of mortgages and powers of
attorney. The section reads:

"Section 8543. All other deeds and instruments of
writing for the conveyance or encumbrance of lands,
tenements or hereditaments executed agreeably to the
provisions of this chapter shall be recorded in the office
of the recorder of the county in which the premises are
situated, and until so recorded or filed for record, they
shall be deemed fraudulent so far as relates to a subse-
quent *bona fide* purchaser having, at the time of the pur-
chase, no knowledge of the existence of such former deed
or instrument."

Referring to this section, the Supreme Court of Ohio
said in *Dow* v. *Union National Bank*, 87 Oh. St. 173, 181:
"This provision of the statute must be accepted as ex-
clusively defining the consequences which follow a failure
to file a deed for record, and there being mere neglect,
unaccompanied by any fraudulent conduct or representa-
tion on the part of the grantee, no right can accrue to
anyone other than such *bona fide* purchaser." Accord-
ingly, it was held that the mere failure to record a deed
did not render it invalid as to creditors of the grantor
although they became such on the faith of his representa-
tion that he was still the owner of the property conveyed.
This decision applied the ruling in *Wright* v. *Franklin
Bank*, 59 Oh. St. 80, 92, 93, where it was said: "Lands
held by a properly executed, but unrecorded deed, are
also free from the debts of the grantor, whether attempted

to be reached in an assignment for the benefit of creditors made by him, or upon an attachment, judgment or execution against him. The title under such a deed is good as against everything except a subsequent *bona fide* purchaser without notice. . . . Mortgages so executed, whether on an estate in real property or on only an interest therein, take effect from the time of the delivery to the recorder, and deeds so executed, conveying the estate or only an interest therein, that is, an equity, take effect from delivery, except as against subsequent *bona fide* purchasers without notice, and as against such the deed must be also recorded." In the present case, the Court of Appeals was satisfied that in equity the instrument (which was absolute in form) should be treated as a mortgage, but the court did not think this to be important because of the holding of the Ohio court that an instrument in this form, "unlike a legal mortgage, operates upon delivery to transfer title and so is required to be recorded as a deed." 209 Fed. Rep. 334, 335; *Kemper* v. *Campbell,* 44 Oh. St. 210, 218; *Wright* v. *Franklin Bank,* 59 Oh. St. 95; *Cole* v. *Merchants' National Bank,* 15 Ohio C. C. Rep. (N. S.) 315, 347.

Under these decisions, then, we assume that there was no requirement that this conveyance should be recorded in order to give it validity as against any creditor of the bankrupt, whether a general creditor, or a lien creditor, or a judgment creditor with execution returned unsatisfied; that is, as against any class of persons represented by the trustee or with whose 'rights, remedies, and powers' he was to be deemed to be vested. Bankruptcy Act, § 47a. This fact, the appellant contends, makes recovery impossible under § 60; while the appellees insist that the provision in the interest of subsequent *bona fide* purchasers constitutes a requirement of recording which entitles a trustee to recover for the benefit of creditors. With respect to the construction of the

clause in question, there has been diversity of opinion in the Circuit Courts of Appeals. In the Sixth, Seventh, and Eighth Circuits, the view has been taken that the word 'required' refers 'to the character of the instrument giving the preference' without regard to the persons in whose favor the requirement is imposed; that is, if the transfer is required to be recorded as to anyone, the trustee may recover if it has not been recorded more than four months before the filing of the petition in bankruptcy.' See *Loeser* v. *Savings Bank* (C. C. A., Sixth), 148 Fed. Rep. 975, 979 (followed by the decision in the present case); *In re Beckhaus* (C. C. A., Seventh), 177 Fed. Rep. 141 (see *In re Sturtevant* (C. C. A., Seventh), 188 Fed. Rep. 196); *First National Bank* v. *Connett* (C. C. A., Eighth), 142 Fed. Rep. 33, 36; *Mattley* v. *Giesler* (C. C. A., Eighth), 187 Fed. Rep. 970, 971. A different conclusion has been reached in the Second, Fifth and Ninth Circuits. See *In re Boyd* (C. C. A., Second), 213 Fed. Rep. 774; *Meyer Drug Co.* v. *Pipkin Drug Co.* (C. C. A., Fifth), 136 Fed. Rep. 396; *In re McIntosh* (C. C. A., Ninth), 150 Fed. Rep. 546; also, *In re Hunt* (D. C., N. Y.), 139 Fed. Rep. 283.

In its original form, § 60 made no reference to record. 30 Stat. 562. The four months ran from the time of the giving of the preference and if this period had elapsed when the bankruptcy proceeding was instituted, there could be no recovery under § 60, whether the transfer had, or had not, been recorded. See *Humphrey* v. *Tatman*, 198 U. S. 91; *Rogers* v. *Page*, 140 Fed. Rep. 596, 599. But a different rule was established for computing the time within which a petition in bankruptcy might be filed. In § 3b, it was provided that the four months' period should not expire "until four months after (1) the date of the recording or registering of the transfer . . . . when the act consists in having made a transfer . . . . for the purpose of giving a preference . . . . if by

law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer." 30 Stat. 546, 547. This distinction between the test of the right to institute bankruptcy proceedings and the test of the right to recover from one who had received a transfer alleged to be a preference lay in the terms of the act and could not rightly be ignored. It was urged that the result was to encourage secret preferential transactions; but the wisdom of the prescribed condition of recovery from the preferred creditor, and the advisability of conforming the provision of § 60 to that of § 3b was a matter for legislative, not judicial, consideration. To secure this conformity, an amendment to § 60 was proposed in Congress in the year 1903. As passed by the House of Representatives, it added to § 60a the following clause: "Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required or permitted, or if not, from the date when the beneficiary takes notorious, exclusive or continuous possession of the property transferred." Cong. Rec., 57th Cong., 1st Sess., Vol. 35, Part 7, pp. 6938, 6943. The Senate struck from this proposed amendment all that follows the words "if by law such recording or registering is required," and as thus limited the amendment was adopted by Congress. Cong. Rec., 57th Cong., 2d Sess., Vol. 36, Part 1, p. 1036; Act of Feb. 5, 1903, c. 487, 32 Stat. 797, 799, 800; In re Hunt, 139 Fed. Rep. 286. There in no basis for the assumption that the words which the House of Representatives had desired to add were ultimately deemed to be surplusage, for these words had an obviously distinct significance and they had been included in § 3b which in this respect remained unchanged.

We cannot but regard the action of Congress as a deliberate refusal to conform the requirements of § 60 to those of § 3b, and we are not at liberty to supply by construction what Congress has clearly shown its intention to omit. It should also be observed that § 60 was again under consideration by Congress in the year 1910, and it was again amended; but the last sentence of § 60a, as inserted in 1903, was left unaltered. And the same conditional clause—"if by law recording or registering thereof is required"—was used in the amended subdivision b (*ante*, p. 432, *note*). Whatever argument is made for an extension of the clause, in order more completely to conform it to the language of § 3b, we must disregard as addressed to a matter solely of legislative policy.

As Congress did not undertake in § 60 to hit all preferential transfers (otherwise valid) merely because they were not disclosed, either by record or possession, more than four months before the bankruptcy proceeding, the inquiry is simply as to the nature of the requirement of recording to which Congress referred.. The character of the transfer itself, both with respect to what should constitute a transfer and its preferential effect, had been carefully defined. It is plain that the words are not limited to cases where recording is required for the purpose of giving validity to the transaction as between the parties. For that purpose, no amendment of the original act was needed, as in such a case there could be no giving of a preference without recording. But in dealing with a transfer, as defined, which though valid as between the parties was one which was 'required' to be recorded, the reference was necessarily to a requirement in the interest of others who were in the contemplation of Congress in enacting the provision. The natural and, we think, the intended meaning was to embrace those cases in which recording was necessary in order to make the transfer valid as against those concerned in the distribution of

the insolvent estate; that is, as against creditors, including those whose position the trustee was entitled to take. This gives effect to the amendment and interprets it in consonance with the spirit and purpose of the Bankruptcy Act. See Sen. Rep., No. 691, 61st Cong., 2d Sess., p. 8. In the present case, there was no requirement of recording in favor of creditors, either general creditors or lien creditors. The requirement of the applicable law was solely in favor of subsequent *bona fide* purchasers without notice. These subsequent purchasers are entirely outside of the purview of the Bankruptcy Act. The proceeding in bankruptcy is not, in any sense, in their interest, and the trustee does not represent them. We can find no ground for the conclusion that the clause "if by law recording or registering thereof is required" had any reference to requirements in the interest of persons of this description. The limitation of the provision to those transfers which are 'required' to be recorded under the applicable law is not to be taken to be an artificial one by which the rights of creditors are made to depend upon the presence or absence of local restrictions adopted, *alio intuitu*, in the interest of others. Rather, as we have said, we deem the reference to be to requirements of registry or record which have been established for the protection of creditors,—the persons interested in the bankrupt estate, and in whose behalf, or in whose place, the trustee is entitled to act. And where, as in this case, there is no such requirement, and the transfer was made more than four months before the filing of the petition in bankruptcy, there can be no recovery under § 60.

In this view, the decree must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*It is so ordered.*