**HEIMAN v. PARNASS et al.**

No. 4688.

District Court, E. D. New York.

May 2, 1930.

Lawrence P. Fels, of New York City, for trustee.

Max E. Sanders, of New York City, for defendant Parnass.

Henry Hetkin, of Brooklyn, N. Y., for defendant Newman.

GALSTON, District Judge.

The plaintiff brings this suit in equity under section 60b of the Bankruptcy Act (11 USCA § 96(b) to set aside a conveyance made by Nathan Parnass, one of the bankrupts, to his wife, Minnie Parnass, of an interest in certain real estate located in the borough of Brooklyn, city of New York.

The complaint alleges that the transfer was made on July 12, 1928, within four months of November 12, 1928, the day on which the petition in bankruptcy was filed. It is also alleged that on July 3, 1929, the defendant Minnie Parnass conveyed to the Elias Wallach Corporation the interest in the premises which had been transferred to her by her husband, and that on the same day the same interest in the same property was conveyed to Charles Newman, the other defendant in the suit. At the trial it developed that the actual conveyance to Minnie Parnass, though not recorded by Minnie Parnass until July 12, 1928, was by deed dated June 4, 1928, acknowledged and delivered on that day.

At the conclusion of the trial, the plaintiff moved to dismiss the complaint against Newman and sought recovery against the remaining defendant only to the extent that the proceeds of the sale by her exceeded the sum of $2,000, which plaintiff then admitted was her own direct contribution to the fund which purchased the property.

To enable the plaintiff to succeed, it was incumbent upon him to meet the conditions of proof set forth in section 60b (U. S. Code, tit. 11, § 96, subd. b, 11 USCA § 96(b). That section provides: "(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Plaintiff is far short in the matter of necessary proof. For example, there is no proof that, either at the time the transfer was made or the deed recorded, Nathan Parnass was insolvent. Plaintiff's attempted proof in that regard was nothing but a gesture. He sought to prove insolvency by producing witnesses who testified that the firm of Wallach & Parnass was indebted to the Jetter Dairy Company on July 7, 1928, in the sum of $781.45; that there was owing to an insurance broker the sum of $100; that some other account showed an indebtedness of $177.15, a fourth account $74.25; and that at the time of the bankruptcy the sum of $218 was due a butcher. There was no testimony given as to the status of this account at the time of the transfer or at the time of the recording of the deed. No evidence was given concerning assets of the bankrupt. On the whole it is not too much to say that there was a total failure of proof in respect to the matter of insolvency.

Plaintiff encountered a second insuperable difficulty. The Real Property Law of New York, § 291, does not make the failure to record a conveyance void as against lien creditors and general creditors, but only as against subsequent purchasers in good faith and for value. Therefore, as against the trustee in bankruptcy, it was not necessary that Minnie Parnass should have recorded her deed. In consequence, the transfer to her was not made within the four months' period.

Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295.

Finally, it may be observed that the evidence shows that the property in question was purchased by funds furnished in large part by Minnie Parnass and her own relatives. She testified the property was bought for her but remained in her husband's name. There is great likelihood that such was the fact.

For all of the reasons given, the bill is dismissed with costs.