(No. 21751.—)
C. S. STOKES, Trustee, Appellant, *vs.* WILLIAM E. JOHNSON *et al.*—(JAMES M. LYLES, Trustee, *et al.* Appellees.)

*Opinion filed April 22, 1933.*

John J. Baker, for appellant.

W. B. McBride, and Hershey & Vogelsang, for appellees.

Mr. Justice Orr delivered the opinion of the court:

The sole issue involved in this appeal, granted upon a certificate of importance from the Appellate Court for the Third District, is the validity of a mortgage covering some four hundred acres of farm land in Christian and Montgomery counties. The cause was first heard in the circuit court of Christian county, where the mortgage was held valid as to both farms and foreclosure decreed. Upon appeal the Appellate Court reversed the decree of the circuit court as to the lands in Christian county and affirmed it as to the Montgomery county lands. Errors have been assigned by appellant and cross-errors by appellees to this judgment.

The mortgage in question was executed on July 9, 1928, by William E. Johnson to Ida J. Lemmon, a testamentary trustee under the will of Louis Johnson, deceased. The appellant here, C. S. Stokes, trustee, was the complainant in the trial court. He came into the case as the successor in trust to Ida J. Lemmon, former trustee, and the mortgage came into his hands with the assets of the trust estate. The interest thereon being delinquent, he brought suit to foreclose this mortgage in the circuit court of Christian county. The defendants to this foreclosure suit were the mortgagor, William E. Johnson, and a number of persons who obtained judgments against him after the execution, delivery and recording of the mortgage and prior to the filing of the foreclosure suit thereof. The appellee James M. Lyles was not a party to the suit when it was brought. He

is the trustee in bankruptcy of Johnson and came into the case by intervention, representing the interests of certain creditors of his bankrupt. Johnson was adjudicated a bankrupt after the suit was filed and service had on the parties defendant but before the trial in the circuit court. When the appellee Lyles, as trustee of the bankrupt estate of Johnson, intervened in the suit, however, he did so by leave of the trial court and also by the bankruptcy court, and he has consented and agreed that his rights in the subject matter of the suit may be adjudicated herein. On the trial it was contended by Stokes, the complainant, that the mortgage was a valid, subsisting first lien on both farms, and by Lyles, as trustee in bankruptcy, that the mortgage was wholly void and was not a lien on either farm, but particularly that it was not a valid lien on the Johnson farm in Montgomery county.

The evidentiary facts are as follows: Louis Johnson, of Morrisonville, died testate on September 8, 1924, owning a large amount of real and personal property. He was a widower, whose family consisted of William E. Johnson, a grown son; Ida Johnson, a grown daughter, who later married and is the Ida J. Lemmon mentioned herein; and two minor grandchildren, Josephine Johnson and Albert E. Johnson, children of Albert E. Johnson, a son of the testator. To these children and grandchildren the testator gave his entire estate, except a legacy of $1000 to Louise S. Johnson, the widow of Albert E. Johnson and the mother of the two minor grandchildren. The pertinent provisions of the will are substantially as follows: First, that his debts should be paid; second, a legacy of $1000 to Louise S. Johnson; third, bequeathed to Ida Johnson in trust, as trustee, $25,000 for Josephine Johnson and a like sum of $25,000 for Albert E. Johnson, to be paid to them when they became twenty-one years of age. Further provision was made in case of the death of either beneficiary, and the powers of the trustee were defined. In the third para-

graph the following language is found: "The executors of this, my last will and testament, are hereby authorized and directed to pay over and deliver to said trustee out of my personal estate personal property of the value of fifty thousand ($50,000) dollars, after the payment of my debts, the costs and expenses of administration and the bequest of one thousand ($1000) dollars to Louise S. Johnson, widow of my deceased son, Albert Edward Johnson. In event my personal estate shall not be sufficient therefor, then and in such case my said children, Ida Johnson and William E. Johnson, shall equally contribute, share and share alike, a sufficient amount of personal property to make said trust fund of fifty thousand ($50,000) dollars upon the trusts above mentioned, to be placed in the hands of said trustee." William and his sister, Ida, qualified as executors of this will and went into possession of the real and personal property of the testator. Among other items of real and personal property received by them, Ida received the lands described in the fourth clause and William the lands described in the fifth clause of the will. These are the farms described in the mortgage involved in this suit. The third provision of the will expressly directed the payment of the $50,000 out of the personal estate of Louis Johnson. The fair cash market value of personal property at the time of the death of Louis Johnson was found by the inheritance tax appraiser to be $57,383.37. The executors of this will, William and Ida, however, made no attempt for nearly four years to follow the directions of the will. After the death of their father, Louis Johnson, they apparently converted the personal property to their own use.

William E. Johnson was president of the Morrisonville State Bank. The elder Johnson owned 410 shares of stock in this bank. Of this the sister, Ida, took 215 shares and the brother the balance. No attempt was made to qualify Ida as trustee under the will until June 6, 1928, when a petition for the appointment of a trustee was filed. Her

bond as trustee was fixed at $60,000 and was not filed and approved until August 27, 1928. On June 9, 1928, before she qualified as trustee, a quit-claim deed was made and executed by Ida and her husband, George Lemmon, conveying to William the 200 acres of land in Christian county. This deed was not placed of record until July 9, 1928, and when filed for record in the recorder's office had on it the notation, "Please do not publish." The property embraced in this deed is the same property which was devised to Ida by paragraph 4 of the will of Louis Johnson, deceased. On this same day, July 9, 1928, Ida, the appointed but unqualified trustee under the will of Louis Johnson, received the mortgage which is being questioned in this proceeding. A note for $54,000, dated July 9, 1928, due five years from date, payable to Ida, trustee, was executed by William with the mortgage covering the land which Ida had conveyed to him by quit-claim deed June 9, 1928. Embraced also in the same mortgage was 200 acres of land in Montgomery county which was bequeathed to William by the fifth paragraph of the will. Although the quit-claim deed dated June 9, 1928, was filed for record on July 9, 1928, the mortgage in question was not filed in Christian county until October 15, 1929, fifteen months afterwards, and not in Montgomery county until January 28, 1930. It does not appear that up to the time of these proceedings the estate of Louis Johnson has been finally settled. At the time of the execution of this mortgage William and his sister, Ida, had become deeply involved financially. According to the testimony of William, at the time of making the mortgage he owed to unsecured creditors a total sum of $114,846.58. Ida also owed approximately $83,000. On January 27, 1930, Ida resigned as trustee under her father's will and C. S. Stokes was appointed her successor as trustee.

It is first contended by appellant that the legacies to the two minor grandchildren of Louis Johnson, deceased, were a lien on the lands in question even without the mortgage

given to secure them, citing *Stickel* v. *Crane*, 189 Ill. 211, *Williams* v. *Williams*, 189 id. 500, and other cases. But the legacies in this instance were specifically charged, first, upon the personal estate of the testator, and then, in case of its insufficiency, to be paid in equal portions out of the personal property of William and Ida. None of the lands involved herein passed by the residuary clause of the will, but were specifically devised, one tract to William and the other to Ida. A devise of the residue and remainder of the testator's property, real and personal, does not result in making legacies a charge on real estate if it appears from other parts of the will, as it does here, that the testator intended such legacies to be paid from his personal property. *Alderman* v. *Dystrup*, 293 Ill. 504; 40 Cyc. 2028, 2031; 2 Page on Wills, p. 2131.

Appellant further insists that the mortgage in question was not preferential under the provisions of the Bankruptcy act. From the facts above stated it appears that the mortgage was filed for record in Christian county on October 15, 1929, and in Montgomery county on January 28, 1930. Both William and Ida were adjudged bankrupts on April 18, 1930. It is thus apparent that the mortgage had been of record in Christian county for more than four months, and in Montgomery county for less than four months, at the time of the bankruptcy adjudications. The effect of this mortgage, given by way of payment or security for an antecedent debt, was to create a preference to the disadvantage of his other creditors. (Collier on Bankruptcy, 834.) The transfer of the lands in Montgomery county, for which the mortgage was not recorded until January 28, 1930, less than four months before the adjudication in bankruptcy, is therefore void as a preference under sub-sections "*a*" and "*b*" of section 60 of the Bankruptcy act. A transfer is required to be recorded, within the intendment of this section, in those cases in which, under the State law, recording is necessary in order to make the transfer valid as

against those concerned in the distribution of the insolvent estate—that is, as against creditors, including those whose position the trustee is entitled to take by virtue of section 47a as amended in 1910. *Carey* v. *Donohue*, 240 U. S. 430.

A different situation exists, however, as to the 200 acres of land in Christian county. The appellee Lyles represents only the creditors of the bankrupt estate of William E. Johnson, and the creditors of Ida J. Lemmon, if any exist, are not represented in this suit. The Christian county farm was specifically devised by the testator to his daughter, Ida. She conveyed this land in June, 1928, to her brother, William, for the purpose of having it reconveyed to her by mortgage, to secure the legacies of the two minor children. The lands were conveyed to William for no consideration and nothing passed out of his estate as a consideration for this land. Therefore, as was properly found by the Appellate Court, the creditors of William, then and now, are in no manner injured by the transfer. The title of this land has been placed by court order in a trustee in an attempt to secure the trust indebtedness held by the two minors. Whether there have been any deficiencies or incorrect proceedings in the attempt to pass the title of this land from Ida to secure the indebtedness of the minors does not in any manner concern the creditors of William or the trustee of his estate.

The judgment of the Appellate Court and the decree of the circuit court are therefore reversed and the cause is remanded to the circuit court of Christian county, with directions to enter a decree sustaining the right of appellant to foreclose the mortgage in question as to the Christian county land but denying such right as to the Montgomery county land. *Reversed and remanded, with directions.*