### In re AGELOFF REALTY CO., Inc.
### No. 24865.

District Court, E. D. New York.
Nov. 8, 1933.

Carl J. Austrian, of New York City (Warren C. Fielding, Clarence I. Blau, and James O. Berlinger, all of New York City, of counsel), for petitioner.

Feiring & Bernstein, of New York City, for alleged bankrupt.

MOSCOWITZ, District Judge.

This case has been submitted upon an agreed statement of facts. Whether the petition in bankruptcy herein is to be sustained or dismissed depends on whether the recording of the assignment of the award in the condemnation proceedings by the assignee thereof constituted or resulted in an act of bankruptcy.

It is conceded by the petitioner that the assignment was executed and delivered in 1931, about two years prior to the filing of the petition in bankruptcy. It is also conceded that the petitioning creditor had knowledge of the execution and delivery of the assignment more than four months prior to the filing of the petition in bankruptcy.

The alleged bankrupt contends that the date of the delivery and not the date of the filing of the award assignment governs as to whether or not the petition in bankruptcy was filed within four months of the alleged preference, and, further, that in any event the knowledge on the part of the petitioning creditor of the assignment more than four months prior to the filing of the petition in bankruptcy precluded the petitioner from the right to file the petition.

The alleged bankrupt, in support of its contention that the date of the delivery of the award assignment is controlling on the issue, cites the case of Heiman v. Parness (D. C.) 40 F.(2d) 558, 16 A. B. R. (N. S.) 107. The plaintiff therein, a trustee in bankruptcy, brought a suit in equity under section 60b of the Bankruptcy Act, 11 USCA § 96 (b), to set aside a conveyance made by one of the bankrupts to his wife. The recording statute there involved was section 291 of the Real Property Law of New York (Consol. Laws N. Y. c. 50). It was held that the Real Property Law did not make the failure to record the conveyance void as against general creditors but only as against subsequent purchasers in good faith and for value, and therefore, as against the trustee in bankruptcy, it was not necessary to record the deed, and in consequence the transfer was not made within the four-month period.

The decision therein turned upon the question of what constituted "required filing" within the meaning of section 60b of the Bankruptcy Act, 11 USCA § 96 (b). However, we are concerned in this instant case with section 3b, 11 USCA § 21 (b), which deals with "required or permissive filing," and therein lies the distinction. Under section 982 of the Greater New York City Charter, as added by Laws N. Y. 1915, c. 606, filing of an award assignment is permitted. Congress has consistently refused to extend the required proof under section 3b to the magnitude of the proof required under section 60b Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A,

295. Section 3b provides that the four-month period should not expire "until four months after (1) the date of the recording or registering of the transfer * * * when the act consists in having made a transfer * * * for the purpose of giving a preference * * * if by law such recording or registering is required or permitted. * * *" It therefore follows that, inasmuch as recording of the award assignment herein is permitted, the date of its filing must govern.

The alleged bankrupt's contention that the knowledge on the part of the petitioning creditor of the assignment more than four months prior to the filing of the petition in bankruptcy precluded the petitioner from the right to file the petition does not find support in section 3b of the Bankruptcy Act. An examination of that section clearly confines the cases where petitioning creditors are restricted from filing a petition because of knowledge to those cases where there is no statutory provision for recording or registering.

The petition will therefore be sustained. An adjudication may be entered forthwith. Settle findings and decree on notice.