**FOLTZ v. DAVIS.**

**No. 5014.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 15, 1934.

Edward S. Foltz, Jr., of Rockford, Ill., for appellant.

Otis F. Glenn, Arthur L. Schwartz, Raymond G. Real, and J. Roy Browning, all of Chicago, Ill. (Raymond G. Real, of Chicago, Ill., of counsel), for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

The following question is presented by this appeal. As against appellant, were the deeds valid notwithstanding they were recorded within four months of the filing of the petition in bankruptcy?

In answering it, we must assume (a) that bankrupt was insolvent when he executed and delivered the deeds to the bank, (b) that the bank then knew of the bankrupt's insolvency and that the transfer of the property was intended to and did work a preference in its favor, (c) that the deeds were to secure an antecedent indebtedness to the bank, and (d) that said deeds to the bank were executed more than four months before, but recorded within four months of, the date of the commencement of the bankruptcy proceedings.

The answer to the question propounded involves the construction of the meaning of the words "required or permitted" as used in section 60a, as amended by Act May 27, 1926, 11 USCA § 96 (a), and the single word "required" as used in section 60b of the Bankruptcy Act (11 USCA § 96 (b). The word "required" standing alone was defined and construed in Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295. As a result of this decision, the act was amended by Congress so as to add the words "or permitted" after the word "required" in section 60a. So amended, the last

496

sentence of the section defining preferred creditors (Section 60a) reads as follows:

"* * * Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of recording or registering of the transfer, if by law such recording or registering is required or permitted."

In other words, the four months' limitation applicable to deeds, the recording of which was required under the state law, was by the amendment extended to transfers, the recording of which was required *"or permitted."* Congress, by its amendment, made its meaning and intention tolerably plain. The fact that the amendment followed the decision of Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, which overruled the holdings of numerous circuits to the effect that "required" meant pretty much what "required or permitted" more obviously and clearly means, is most significant of the congressional intent.

Appellee contends that Congress did not similarly change Section 60b but left the word "required" therein appearing unqualified. Wherefore he argues that only the preferences described in said section 60b may be set aside. If this view be accepted, then no effect whatever is given to the amendment of section 60a.

It would seem more logical and consistent with the canons of statutory construction to hold that section 60a and section 60b should be read together, and so read they define a preference and provide for its avoidance. The first section defines a preference; the second section provides for its avoidance. Section 60a, as amended, clearly made the conveyances under consideration, preferences. It would seem that the word "required" as used in section 60b, in view of the sequence of judicial decision and legislative amendment, should be given a definition which is more liberal than previously was given.

■ Judicial construction of any language should, if possible, give effect to the parties' or the legislature's obvious intent. Captious and speculative reasoning should be avoided. The construction of the word "required" in Carey v. Donohue, supra, defeated the very important purpose of the Bankruptcy Act and permitted one who secretly obtained security for a debt, and who did not record the conveyance, to retain it and thus defeat the claims of other creditors. This was exactly what the Bankruptcy Act was intended to prevent. When the Carey v. Donohue deci-

sion was announced, Congress sought, by the amendment under consideration, to correct the unfortunate use of the word "required," to which the court gave a limited meaning. In the face of these facts, this court should, if it may, properly give effect to such amendment, by construing the paragraphs together and enlarging the meaning of the word "required," as a test in determining the existence of a preference.

■ If such an extended meaning can not be given to the word "required" in section 60b, then it seems to us said section 60b defines two voidable preferences. One is defined with particularity and is limited to those transfers executed within four months, which by the law of the state where the property was situated were required to be recorded. The other is covered by the clause in said section which reads, "and the judgment or transfer then operate as a *preference.*" Section 60a defines a preference. It cannot be said that another meaning should be here given to the word "preference." To constitute a preference, as that word was used in the last quotation, it is only necessary to say that the transfer made within four months was, by the laws of the state where the property was situated, permitted to be recorded.

Furthermore, it would seem unnecessary for Congress to have authorized the avoidance of a preference. Having specifically defined a preference, it would seem that the trustee's right to set it aside was clear, without statutory authority therefor. Section 67e, Bankruptcy Act, 11 USCA § 107 (e). Congress, when it spoke in section 60b, was merely authorizing the trustee to bring suit in either the state or Federal court to recover the property conveyed to the preferred creditor. It would be approaching the absurd to hold that a "preference" as used in section 60b was something different from what it was defined to be in section 60a.

■ Finally, it appears that the Illinois Supreme Court in the late case of Stokes v. Johnson, 352 Ill. 371, 185 N. E. 567, passed on this question and determined what recording is necessary in Illinois, and its conclusion supports appellant's contention here made to the effect that the recording of deeds in Illinois was "required," as that term is used in the Bankruptcy Act.

The decree is reversed, with directions to overrule the motion to dismiss the complaint and to proceed to a hearing on the merits and in accordance with the views here expressed.