## In re WILLOUGHBY et al.

### BERRY v. AUSTIN et al.

### No. 7356.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1938.

J. N. Hardin, of Greeneville, Tenn. (Swingle & Hardin and Fraker & Maupin, all of Greeneville, Tenn., on the brief), for appellants.

F. H. Parvin, of Greeneville, Tenn. (C. S. Stephens, of Morristown, Tenn., and Susong & Parvin, of Greeneville, Tenn., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The question for decision is whether trust deeds given to secure loans in Tennessee while the grantors were solvent but recorded after insolvency and within four months of the filing of a petition in bankruptcy, evidence secured claims against the bankrupts' estate. The referee held they did not, but the District Court reversed. The question requires consideration of the Tennessee Registration Statute, and the effect of an amendment to section 60a, of the Bankruptcy Act by the Act of May 27, 1926, 11 U.S.C. § 96(a), 11 U.S.C.A. § 96(a).

On July 15, 1930, and April 16, 1931, the bankrupts, for whose estate the appellant is trustee, executed trust deeds of real estate to a trustee for Mrs. Mooney to secure loans made to them by her, and on October 1, 1927, a trust deed to Myra Smith as security for another loan. Mrs.

Mooney is dead, and the appellee Austin is executor of her estate. When the trust deeds were executed the bankrupts were solvent. The deeds were, however, withheld from record by the grantees until July, 1933. On November 14, 1933, the bankruptcy petitions were filed and adjudications had, so that the recording was within four months of the petition in each case. At the time the deeds were presented for record the several grantees or their successors knew the grantors to be insolvent. The trust deeds were in each case executed for a present valuable consideration, or pursuant to an agreement made at the time the money was loaned that transfers would be made to secure the loans, but the deeds were withheld from record without fraudulent intent.

We accept the findings of the court, which affirmed those of the referee, either expressly made by him or necessarily implied from his report, in conformity with the rule that concurrent findings of court and referee will not be set aside except for clear mistake (Deupree v. Watson, 6 Cir., 216 F. 483, 485; Tennessee Finance Co. v. Thompson, 6 Cir., 278 F. 597, 600; Grossberger v. B. F. Goodrich Rubber Co., 6 Cir., 8 F.2d 964; Manufacturers Acceptance Corp. v. Hale, 6 Cir., 65 F.2d 76, since the record does not disclose them to be clearly erroneous. The questions to be considered are questions of law, and we deal first with the validity of the trust deeds in respect to general creditors under the Tennessee statute requiring registration, Williams' Tenn. Code, § 7668, as construed by the courts of that state, in order to determine whether they were such transfers as are voidable by the trustee in bankruptcy under section 60b, of the Bankruptcy Act, 11 U.S.C.A. § 96(b).

That section provides: "If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of the transfer, * * * or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, * * * shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee." The important phrase of the section in the present inquiry is "if by law recording or registering thereof is *required.*"

It is the appellant's contention that the validity of transfers under the law of Tennessee as to all creditors is conditioned upon registration. Section 7668 reads: "Any of said instruments not so proved or acknowledged and registered or noted for registration shall be null and void as to existing or subsequent creditors of or bona fide purchasers from the makers without notice." There are Tennessee cases, typified by Wilkins v. McCorkle, 112 Tenn. 688, 80 S.W. 834, which, while holding unrecorded transfers good as between the parties or as to persons with notice, appear to indicate them ineffective as to all other creditors. But other Tennessee decisions make clear distinction between judgment and lien creditors on the one hand and general creditors on the other in respect to rights under unrecorded transfers. They were all carefully reviewed by this court in Rode & Horn v. Phipps et al., 6 Cir., 195 F. 414, 421, where it was noted that while there are several decisions recognizing the invalidity of an unregistered mortgage as against execution and attaching creditors, there were no decisions expressly interpreting the statute as protecting general creditors, "that is to say, those not armed with process or not having fastened upon the property," and an unrecorded lien was there held valid as against general creditors. We are presently referred to no Tennessee decisions since the Rode & Horn Case, which rightly considered indicate that case to have been erroneously decided. While the construction put by courts of other states upon registration laws is of little aid in ascertaining the law of Tennessee, it is nevertheless to be noted that such distinction between classes of creditors in respect to validity of unrecorded transfers is elsewhere recognized as sound. In re Gibson, 6 Cir., 65 F.2d 921. Our decision in Re Farm & Home Co., 6 Cir., 84 F.2d 933, does not touch the present controversy since the instruments there avoided were withheld from record through fraud and we expressly indicated that section 96(a), title 11 U.S.C.A. section 60a, Bankruptcy Act, was not there involved. Section 7271 of the Tennessee Code merely defines what creditors may attack fraudulent conveyances and is not here in point. Our conclusion, in accord with the Rode &

Horn decision, supra, is that the present trust deeds were not required by Tennessee law to be recorded to establish their validity as against general creditors represented by the Trustee ·in Bankruptcy, and so not within the class of transfers voidable under section 60b, 11 U.S.C.A. § 96(b).

Another question, however, remains to be considered. Section 60a of the Bankruptcy Act, as amended, 11 U.S.C.A. ·§ 96 (a) defines preferences. It is set forth in full in the margin.[1] It contains this language:

"Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of recording or registering of the transfer, if by law such recording or registering is required or permitted." The words "or permitted" were added to the section by the amendment of May 27, 1926. So it is urged that the present instruments, even though not required to be recorded in Tennessee to establish their validity as against the trustee in bankruptcy, since they are permitted to be recorded, are, not having been recorded within the four months' period prior to the filing of the petition, voidable preferences. It will be noted, however, that section 60a, merely defines preferences; that ·the authority for their avoidance is contained in section 60b. It was pointed out in Carey v. Donohue, 240 U.S. 430, 36 S.Ct. 386, 60 L.Ed. 726, L.R.A.1917A, 295, in construing original section 60, that the Congress did not therein undertake to hit all preferential transfers (otherwise valid) merely because they were not disclosed by record more than four months before the bankruptcy proceedings. In its original form section 60 made no reference to record, 30 Stat. 562, 11 U.S.C.A. § 96 and note. By the act of 1903 there was added to section 60, 11 U.S.C.A. § 96 and note, the provision that where the preference consists in a transfer the period of four months shall not expire until four months after the date of the recording or registering of the transfer if by law such recording or registering is required, and this provision ·was construed to embrace only those cases where recording was necessary in order to make the transfer valid as against those concerned in the distribution of the insolvent estate, including those represented by the trustee. It was ·therefore the view of the court that the purpose of the amendment was to make section 60 conform to section 3b, 11 U.S.C.A. § 21(b), wherein acts of bankruptcy are defined, and the legislative history of the amendment is reviewed to support this view.

The 1926 Act added the words "or permitted," and in conformity with the reasoning of the Supreme Court it has been held that by it the Congress but completed the process of making section 60 conform to section 3b begun by the 1903 Act. First National Bank v. Livestock National Bank, 8 Cir., 31 F.2d 416, 419; In re Cunningham, 4 Cir., 64 F.2d 296, 299. With this view we agree. We recognize that Foltz v. Davis, 7 Cir., 68 F.2d 495, is contra. There it was held that the two sections must be read together, and that the preferences defined by section 60a are the preferences that may be avoided by the trustee under the authority of section 60b. The purpose of the Congress in amending section 60a to add to it the phrase "or permitted" was thought to be the avoidance of the construction placed upon the word "required" in Carey v. Donohue, supra. We have found in the records of the Congress no support for this inference save such as may arise from the time sequence, and the fact that more than ten years elapsed between decision and amendment would seem to repel it.

The decree below is affirmed.

---

[1] Sec. 60a. "Preferred creditors. (a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor .of any person, or made a transfer to (of) any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four. months after the date of recording or registering of the transfer, if by law such recording or registering is required or permitted."