## LOOKOUT BANK v. SUSONG.

### (*Knoxville.* October 15, 1891.)

1. AMENDMENT. *After demurrer sustained is waiver of error.*

    Any error in Chancellor's decree sustaining demurrer to bill is waived by such amendment of the bill as removes the objection raised by the demurrer and makes the bill conform to the decree.

2. SAME. *Of bill at term subsequent to its partial dismissal on demurrer.*

    Amended bill supplying defects on account of which the original bill was dismissed upon demurrer as to some of the defendants and as to a portion of the relief sought, may be filed, by leave of the Court, at a term subsequent to that at which the demurrer was sustained.

    Cases cited: Grotenkemper v. Carver, 4 Lea, 383; Morris v. Richardson, 11 Hum., 389; Harrison v. Farnsworth, 1 Heis., 751; Hume v. Bank, 1 Lea, 220; Terrell v. Ingersoll, 10 Lea, 82; Gibson v. Widener, 85 Tenn., 16.

3. SAME. *Same. Attachment lien preserved.*

    And the amended bill relates, in such case, to the date of the original bill, and has the effect to restore and preserve an attachment lien fixed by the original bill, although such lien had been discharged by the Court's decree upon the demurrer.

    Cases cited and approved: Wilson v. Beadle, 2 Head, 511; Morrow v. Fossick, 3 Lea, 131.

4. SAME. *Same. Same.*

    And the attachment lien fixed by the original bill is, in such case, restored and preserved by the amended bill, as against other general or attaching creditors, although the debtor died and the insolvency of his estate was duly suggested, after the decree sustaining the demurrer and before the filing of the amended bill.

    Code construed: §§ 3169, 3170, 3173, 3234 (M. & V.); §§ 2325, 2326, 2328, 2389 (T. & S.).

Lookout Bank *v.* Susong.

Cases cited and approved : Ewing *v.* Maury, 3 Lea, 381; Watson *v.* Watson, 1 Bax., 387; Fields *v.* Wheatley, 1 Sneed, 350; Kinsey *v.* McDearmon, 5 Cold., 399; McGuffey *v.* Johnson, 9 Lea, 559.

FROM COCKE.

Appeal from Chancery Court of Cocke County. JOHN P. SMITH, Ch.

W. J. McSWEEN, ROBERT HICKEY, JAMES G. ROSE, McFARLAND & DICKSON, and INGERSOLL & PEYTON for Complainants.

NAT. B. JONES, H. N. CATE, and PICKLE & TURNER for Respondents.

CALDWELL, J. On November 17, 1888, G. W. Susong sold and conveyed his farm in Cocke County, together with live stock and other personal property thereon, for the sum of $28,000, the deed reciting that $15,000 of the .consideration were paid in cash, and that three time-notes were given for the balance—one for $5,000 and two for $4,000 each. Soon thereafter as many of his creditors filed seven separate attachment bills against him and his vendees, impeaching the transaction for fraud. Specific allegations of fraud on the part of the vendor against his creditors, and of active participa-

tion therein by his vendees, were made in all the bills, and the prayer in each was (1) that the conveyance be set aside and the property therein subjected, and (2) that, in the event that could not be done, the purchase-money notes be applied in payment of the vendor's debts.

Attachments were issued and levied; after which the defendants demurred to the bills on the ground of supposed inconsistency between the primary and alternative relief sought. At the February Term, 1889, these demurrers were sustained, and the bills dismissed as to the vendees; but the bills were retained for issue as to the debts claimed, and personal decrees against the vendor and debtor for such of them as might be established by proof. Thereupon, at the same term, the complainants in four of the bills filed amended bills, wherein they simply sought the vacation of the deed and the subjection of the property therein, distinctly abandoning the alternative prayer of their original bills, and thereby removing the matter of demurrer. The complainants in the other three bills, however, appealed to this Court from the action on the demurrers, and their appeals were severally dismissed as premature.

Pending these appeals G. W. Susong, the debtor, died, and his administrator suggested the insolvency of his estate. Subsequently, at the February Term, 1890, those three complainants followed the example of the other four, and, by leave of the Chancellor, filed what they termed amended and sup-

plemental bills, seeking only the primary relief sought in their first bills. Demurrers to these bills being overruled, answers were filed, as had already been done in the other four causes, denying all allegations of fraud, etc.

The seven causes matured for final hearing, and were heard together, resulting in decrees in favor of the several complainants for their debts, and for the sale of the land and personal property attached under the original bills. Liens were declared in favor of the complainants who filed the first four amended bills, but liens were denied the complainants in the other three bills, and they were adjudged to stand upon the same footing as the general creditors of the estate. The defendants appealed generally in all the causes, and the complainants in the three bills last named appealed specially from so much of the decrees as were adverse to them.

The errors assigned by defendants, being mainly upon questions of fact, have been disposed of orally, and, for that reason, need not be referred to in this opinion further than to state that the conveyance impeached was properly set aside as fraudulent, and the property therein justly condemned to judicial sale for the benefit of the vendor's creditors.

The appealing complainants assign two errors of law on the action of the Chancellor—(1) in sustaining the demurrers to their original bills, and (2) in denying them liens on the property attached.

38—6 r

*First.*—Though in the record, the demurrers are not before this Court for consideration. The complainants might have brought them here and asked judgment upon them had they stood by their bills as originally framed, and prosecuted appeals after final decree. But that they did not do, and, as a consequence, the Chancellor's action on the demurrers is not here for review. As has already been stated, the demurrers were based upon a supposed antagonism between the primary and alternative relief sought. The Chancellor adjudged the demurrers well taken; and these complainants, acquiescing in his view of the law (after dismissal of their premature appeals), voluntarily filed other bills free from the objection raised in the demurrers. Thus the complainants, on their own motion, withdrew enough of their first bills to remove the ground of demurrer, and appeared in Court with a single object—that of subjecting the property conveyed. This was tantamount to a voluntary dismissal of their bills so far as they sought to subject the purchase-money notes, the matter of alternative relief. Having pursued this course, they cannot, by appeal, re-instate the second aspect of their first bills; and urge the insufficiency of the demurrers.

*Second.*—It is beyond dispute that their inchoate liens would have become complete, as of the day of filing, if these complainants had prosecuted their first bills successfully. Code (M. & V.), § 5031; 1 Lea, 71; 7 Lea, 271; 9 Lea, 103.

And it admits of as little doubt that they would now have the same liens had they filed their second bills at the same term at which their first ones were dismissed on demurrer; for, in that case, the second bills would unquestionably have related to and become parts of the first ones. 2 Head, 511; 3 Lea, 131.

Whether such is their proper legal effect though filed two terms later, is a very nice and interesting question. The fact that appeals were prematurely taken is of no importance in the decision of that question. The complainants received neither prejudice nor advantage by those appeals, but had precisely the same legal attitude in the Chancery Court after such appeals were taken and dismissed that they had before.

If the second bills be regarded as original bills, it is clear that the complainants have no liens, and that the Chancellor's decree is right, because they were filed after the death of the debtor and after the insolvency of his estate had been duly suggested. In such case the law requires a ratable distribution of the assets among all creditors not having previously acquired definite and fixed liens. Code (M. & V.), §§ 3169–70, 3173, 3234; *Ewing* v. *Maury*, 3 Lea, 381; 1 Bax., 387.

Though the regular Chancellor allowed these bills to be filed as amended and supplemental bills, they were held to be original bills at the next term by a special Chancellor, who overruled demurrers which made the point that they came too late for

amended bills. It may be that, in making his
final decrees the regular Chancellor felt bound by
that holding, and, for that reason, denied these
complainants any liens on the property. But how
that was, and whether the special Chancellor gave
a sound reason for his decrees, are not matters of
controlling importance now; for, though a Chan-
cellor give a wrong reason for a decree, it will
be affirmed on appeal if right for any reason; or,
if his decree should be found to be erroneous for
any reason, though not assigned by him, it will
be reversed in this Court.

The complainants certainly did not intend these
second bills to operate as original bills. They
were named, framed, and filed as amended and
supplemental bills; and such they are in subject-
matter, and in the relief sought. They lack no
quality or requisite of strict, amended bills, unless
it be that they were not brought in time. Were
they in time as amended bills? As a general
rule a bill may be amended, by leave of the
Court, at any time before the close of the term
at which final decree is pronounced (Gibson's Suits,
Chancery, Sec. 641); and if the object of the
amendment is to obviate some defect pointed out
by demurrer, as in these causes, the amendment
must be made or an amended bill filed before the
adjournment of the term at which the demurrer
is sustained. The original bills in these causes
were dismissed at the February Term, 1889, and
the three amended bills now under consideration

were not filed until the February Term, 1890; hence, they were too late as amended bills unless embraced in some exception to the general rule.

No precedent for such an exception has been brought to our attention; but it is insisted that this record presents a case in which the general rule does not apply. To the correctness of that insistence we agree. The original bills were dismissed in part only, not generally. They were expressly retained for certain relief against the principal defendant; and until final decree as to him, no appeal would lie from the dismissal as to the other defendants. The right of appeal was postponed until that time, and then it could be exercised and the whole record brought into this Court for revision. 11 Hum., 389; 1 Heis., 751; 1 Lea, 220; 4 Lea, 383; 10 Lea, 82, 88; 1 Pickle, 16.

In the meantime the complainants were in Court for all purposes of appeal, and being there for those purposes, it is but just and fair to hold that they were there for purposes of amendment also. This precise question was reserved in *Grotenkemper* v. *Carver*, 4 Lea, 383, because not necessarily involved in that case; nevertheless, Judge Cooper, who delivered the opinion of the Court, said: "I am inclined to think that a defendant in Court for the purpose of appeal after decree of dismissal, is equally in Court for purposes of amendment." *Ib.*

When the bill is partially dismissed and partially

retained, as in these causes, the general rule above stated is not applicable, but the complainant may, by leave of the Court, cure the defect in the bill by amendment at any time before final decree. The intervening death of the debtor and suggestion of the insolvency of his estate do not stand in the way of such an amendment.

It follows that the last three bills were in time for amended bills, and that they should be so treated. As amended bills they relate to the original bills, and have the force and effect of continuing the original suits. *Wilson* v. *Beadle*, 2 Head, 511; *Morrow* v. *Fossick*, 3 Lea, 131.

That being true, the complainants therein are entitled to liens as of the date of the filing of their original bills. The liens, having been fixed in the life-time of the insolvent debtor, continue after his death, and give complainants the right to priority of satisfaction over general creditors. 1 Sneed, 351; 5 Cold., 399; 1 Leg. R., 87, 321; 9 Lea, 559.

Let the decree be modified accordingly, and otherwise affirmed.