## In re BERGER.

(District Court, E. D. New York. November 16, 1912.)

1. BANKRUPTCY (§ 408*)—ASSETS—CONCEALMENT—OWNERSHIP OF PROPERTY.

Where a bankrupt did business through a corporation, which was merely a form of business activity owned and controlled by him, and concealed property which belonged to himself, such concealment was sufficient to justify the denial of a discharge in bankruptcy, though such property was applicable first to the creditors of the corporation, and then to the debts of his personal creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732-736, 759, 762, 763; Dec. Dig. § 408.*]

2. BANKRUPTCY (§ 409*)—DISCHARGE—FAILURE TO KEEP BOOKS.

Where a bankrupt did business by means of a corporation, which he absolutely owned and controlled, and knowingly failed to have necessary books kept by such corporation, from which his creditors could gain information as to his affairs, to which they were entitled, the fact that the corporation might be held for failure to comply with the Bankruptcy Act did not absolve the bankrupt from liability for failure to make his own activities plain by the books of the corporation, or by an independent set of books showing what the corporation was doing, and hence such failure to keep books constituted a valid objection to his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 739, 752-757: Dec. Dig. § 409.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Emil Berger. On objections to the bankrupt's discharge. Sustained.

Sullivan & Cromwell, of New York City, for objecting creditors.
Frederick Hemley, of New York City, for bankrupt.

CHATFIELD, District Judge. A special commissioner has reported that the bankrupt should be denied his discharge, sustaining four of the specifications urged by creditors against that application. Three of the specifications which the special commissioner has sustained charge in different ways that the bankrupt, in his schedules and in giving certain testimony under examination, denied the ownership and possession of some $9,000, which the specifications allege was actually at all of these times the property of the bankrupt, and which he had been keeping in concealment prior to the bankruptcy, to defraud his creditors.

[1] The testimony shows that the bankrupt had been doing business under the guise of a corporation known as the North American Tobacco Company; that he had been paid some $10,000 for a fictitious name or brand for cigars; that the proceeds from this $10,000 had been invested in certain bonds, standing in the name of one Mrs. Howard; that they had later been given to the 10 year old son of the bankrupt, by the bankrupt, but were ultimately sold (or the value thereof obtained by the bankrupt), and this money paid over to the trustee in bankruptcy of the North American Tobacco Company, by direction of the United States Court in the Southern District, just

prior to the conviction and sentence of Berger, the bankrupt in this proceeding, for perjury and concealment of assets of the North American Tobacco Company. He subsequently was imprisoned and served the sentence imposed. It also appears that the perjury and the concealment of assets had to do with the same transaction which has just been stated. In other words, it was decided in the bankruptcy case of the North American Tobacco Company that the $9,000 in question was the property of that company and should be available for its creditors, and that Berger had committed perjury in denying that this sum belonged to the creditors of the North American Tobacco Company. This being true, the bankrupt urges that the special commissioner was wrong in his finding in this proceeding; for the bankrupt says that he could not include in his schedules and testimony as property of his own that which was an asset of and concealed from the creditors of the North American Tobacco Company, if it did not belong to the person in whose name the bonds were standing, or to his infant son, if the gift to the son were valid.

If the North American Tobacco Company was a separate entity, and if Berger's property and liability were distinct from that corporation, his position is correct. He should not include in his individual schedules, nor should he state that he was the owner of, property which belonged to the corporation, and not to himself; or, on the other hand, if the property did not belong to that corporation, and belonged to his son, then he was justified in denying that it was his own. But we have an additional finding by the special commissioner, which is borne out by the testimony, that the North American Tobacco Company was not a separate entity, but that Berger was doing business under the name of the North American Tobacco Company, and that he was in reality the corporation itself. To state the matter conversely, the corporation did not exist, except as merely a form of business activity by Berger himself. The creditors of Berger personally might be affected by the rights of innocent creditors of the North American Tobacco Company, and the creditors of Berger personally might have to seek his assets through the corporation which he was using as an agent. But it would seem to be plain that the special commissioner is correct, and that Berger not only was concealing property which was his, and should have been used for the benefit of his personal creditors, unless it had to be first applied to the benefit of creditors of the corporation which he was operating as a part of his own business activities. If he swore that he did not have such property, or that such property was not in existence, whether that property be entirely available for his personal creditors, or whether it be subject to the rights of creditors of the corporation, nevertheless he would be testifying falsely as to his assets, and would be concealing assets from his trustee, and the specifications should be sustained.

[2] The special commissioner has also found that the specification charging that Berger did not keep proper books should be sustained. In this, again, the difficulty arises that the business operations as to which books should have been kept were nominally the business operations of the North American Tobacco Company. Objection is made

by the bankrupt that he was not required to keep books to show what business the corporation was conducting. But, again, the finding of the special commissioner is correct, in the sense that if Berger did conduct business, or pursued business activities, by the means of a corporation (instead of using individuals as agents), and if the corporation did not comply with the statute, so that he knowingly failed to have kept by the corporation the necessary books from which his creditors could gain the information to which they were entitled, then the fact that the agent—that is, the corporation—might be held to have failed to comply with the bankruptcy statute, would not absolve Berger from responsibility for his failure to make his own business activities plain by the books of the agent who actually performed the transaction, or by an independent set of books showing what that agent was doing.

The report of the special commissioner will be confirmed, and the discharge will be denied the bankrupt.