JOSEPH M. JONES, Trustee, Respondent, v. BANK OF EXCELSIOR SPRINGS, Appellant.

Kansas City Court of Appeals, June 16, 1919.

1. **BANKRUPTCY: Creditors: Local State Law.** The federal courts in administering and applying the Bankruptcy Act recognize the rights of creditors as they are established by the Local State Law.

2. ———: **Creditor: State Law.** The rights and remedies of a trustee in bankruptcy are measured by the rights of the creditor under the State Law, and the right of such trustee begins at the filing of the petition in bankruptcy.

3. **MORTGAGES: Recording: Possession: Lien.** In Missouri a mortgagee creditor must either take possession of the property, or record his mortgage, in order to make it valid against creditors. If he fails at first to record the mortgage or to take possession of the property, but does either before a creditor fastens a lien on the property, the mortgage is validated as against such creditors.

4. **MORTGAGES OF PERSONALTY: Possession.** A mortgagor gives a mortgage on a stock of merchandise in Missouri. The mortgagee recorded the mortgage but left the property in possession of the mortgagor with right to sell in the usual course without accounting for the proceeds. It was *held* that the mortgage was invalid as to creditors. But afterwards, the mortgagee took possession of the property before any creditor secured a lien on it, and it was *held* that that act validated the mortgage as to creditors.

5. **BANKRUPTCY: Mortgage: Trustee: Creditor: Conversion.** A debtor on June 30, 1914, mortgaged his stock of merchandise to a mortgagee who had then made advances to him. The mortgage was recorded, but the mortgagor was allowed to remain in possession and sell in the usual course without accounting for the

201 M. A.—35

proceeds. On June 24, 1915, which was about six months after the debt became due, the mortgagee took possession of the stock and sold it on July 15, 1915. The day before this sale and about three weeeks after possession was taken by the mortgagee a petition in bankruptcy was filed against the mortgagor and he was afterwards adjudged a bankrupt. The trustee then brought an action for conversion against the mortgagee. It was *held* that the trustee occupying the *status* of a creditor of the bankrupt without a lien on the property, had no cause of action.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss,* Judge.

REVERSED AND REMANDED.

*New Miller, Camack & Winger, E. J. Geittman* and *S. J. McCulloch* for respondent.

*R. T. Stephens, Craven & Moore* and *Ralph Hughes* for appellant.

ELLISON, P. J.—Plaintiff is a trustee in bankruptcy of the estate of J. H. Woodruff and he brought this action against defendant charging it with converting certain personal property claimed by defendant under a chattel mortgage from Woodruff. The judgment in the trial court was for the plaintiff.

It appears that the mortgage was executed on the 30th of June, 1914, on a plumbing stock of merchandise and fixtures, for advances made to Woodruff on that day. The mortgage was recorded on the 2nd day of July, 1914. It provided that Woodruff should remain in possession of the property until default in the debt, but contained no provision requiring him to account for sales. Near six months after the debt became due defendant on June 24, 1915, took possession of the property and, on the 15th of July, 1915, sold it under provisions in the mortgage, to a third party.

On July 14, 1915, the day before this sale, and about three weeks after defendant took possession, a petition in bankruptcy was filed against Woodruff. He was afterwards declared a bankrupt and this plain-

tiff was made trustee. The latter claims that under the bankrupt act of Congress plaintiff's mortgage was a preference and was void as against creditors. While the action involves the federal bankrupt law, yet the rule is that the federal courts will adopt the views of the state courts on the validity of a chattel mortgage— those courts holding that to be a local question. [Dooley v. Pease, 180 U. S. 126; Thompson v. Fairbanks, 196 U. S. 516, 522; Humphrey v. Tatman, 198 U. S. 91.] We will therefore proceed to inquire into the validity of the mortgage under the law in this State, and if invalid, what effect the taking of possession had upon it.

The law in this State is that a mortgage is not valid against any other person than the parties thereto unless possession be taken by the mortgagee, or the mortgage be recorded. [Sec. 2861, R. S. 1909.] And although a mortgage may be in proper form and duly recorded, yet if the mortgagor remains in possession and sells the property, in the usual course, without accounting to the mortgagee for the proceeds, it is a conveyance to the mortgagor's own use and void as against creditors. [Sec. 2880, R. S. 1909.]

But though the mortgagee neither takes possession nor records his mortgage, and though he permits the mortgagor to sell the property in the usual course of trade to his own use, yet if he takes possession before creditors become lien creditors by laying hold of the property, it validates the mortgage as to such creditors. [Greeley v. Reading, 74 Mo. 309; Dobyns v. Meyer, 95 Mo. 132; Petring v. Chrisler, 90 Mo. 649, 654; Nash v. Normant, 5 Mo. App. 545, 547.]

The next question is, how does the bankruptcy act affect these rights thus founded on the Missouri law?

It is provided by section 60b, of the Bankruptcy Act as amended June 25, 1910, C. 412, 36 U. S. Stat. 838, 842, that "If a bankrupt shall . . . have made a transfer of any of his property, and if, at the time of

the transfer, . . . or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

It is also provided in section 47a of such Bankruptcy Act that trustees in bankruptcy shall collect the estate of the bankrupt and that they "as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

Under the provisions last quoted it is important to ascertain what the rights of a judgment creditor with *nulla bona* execution are when based on facts like the present; and at what time do those rights accrue to the trustee. Answering the first question first, we find that a judgment creditor with execution returned unsatisfied has some important remedial rights not possessed by the ordinary creditor at large; as, for instance, he may sustain an action to set aside his debtor's fraudulent conveyance (Merry v. Freeman, 44 Mo. 518, 521; Mullen v. Hewitt, 103 Mo. 639, 650) or for discovery, as well as other remedies in equity. [McDermutt v. Strong, 4 Johns. Ch. 687; Brinkerhoff v. Brown, 4 Johns. Ch. 671; Angell v. Draper, 1 Vern. 999.] But in the respect like that here considered, he is in no better position than the ordinary creditor at large, since he, like the latter, has no claim or lien on the property until he initiates his remedy by bringing his appropriate action asserting his claim.

As to the second question, it appears to have been determined that, under the federal statute, the trustee only begins to occupy the *status* of a lien creditor, or judgment creditor with execution unsatisfied, as of the date the bankruptcy proceedings were begun. [Bailey v. Baker Ice Co., 239 U. S. 268, 275, 276; Martin v. Commercial Bank, 245 U. S. 513, 517.] In the latter case it is said (p. 519) that before "he may avoid a transfer because of the (bankruptcy) provision in question he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer," before possession and while unrecorded and within the specified period.

In the present case we have seen that bankruptcy proceedings were begun on July 14, 1915, and at that time the mortgagee had been in possession of the merchandise for nearly three weeks, no creditor (judgment creditor, or other kind) having placed a lien thereon before he took possession, and the trustee not bringing this action for near a year thereafter. The mortgagees claim was therefore superior to the claims of judgment and other creditors; and as the trustees claim is measured by that of the creditors whom he represented, it follows that he has no claim as against the mortgagee. This is the view taken in Bonner v. First National Bank, 248 Fed. 692, and In re Capital City Car Co., 251 Fed. 664—decisions construing and based upon Bailey v. Baker Ice Co. and Martin v. Commercial Bank, supra.

It sometimes happens that one becomes a creditor after the date of the mortgage but before it is recorded or possession is taken. We have not taken account of a creditor's rights in that situation, since such condition does not arise on the facts of this case.

It should be noted that since many of the earlier cases were decided, both in the State and federal courts, the Bankruptcy Act has been amended. We have therefore confined our examination of the case to the latest

that have been considered by the Supreme Court of the United States.

The foregoing views lead to a reversal of the judgment. But there is another question in the record. Plaintiff claimed that notwithstanding defendant bank, as mortgagee, may have the superior right, it could only have such superiority in relation to the merchandise included in the mortgage; but that defendant converted other goods belonging to the ' bankruptcy mortgagor. There is sufficient evidence in the record .to make a jury question of this claim.

The judgment will be reversed and the cause remanded. All concur.