## SIMON v. MASSACHUSETTS TRUST CO.

(Circuit Court of Appeals, First Circuit. November 29, 1921.)

No. 1509.

**Bankruptcy ⬅409(2)—Refusal of discharge proper where books of corporation controlled by bankrupt not produced.**

In a bankruptcy proceeding, where the evidence disclosed that the bankrupt previously had been practically the sole owner of a corporation which had transferred to its successor all its property, and that the operations of such former corporation were of such magnitude that they must have been entered on the books and evidenced by various papers which the debtor had destroyed or failed to produce, *held*, that a discharge was properly refused, the statute not being confined to the books of the bankrupt, but including destruction or concealment of books of account or records of the company, from which the debtor's financial condition might be ascertained.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Proceeding in bankruptcy by the Massachusetts Trust Company against Isaac Simon. From a decree denying a discharge (268 Fed. 1006), the bankrupt appeals. Affirmed.

William H. Garland, of Boston, Mass., for appellant.

William Hirsh, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court of Massachusetts denying a discharge in bankruptcy to the appellant. A statement of the facts material to the case is as follows:

The appellant was engaged in the business of manufacturing sheepskin coats in Boston several years before 1909, in which year he caused a corporation to be formed under the laws of the state of Maine under the name of the Simon Manufacturing Company, with a capital stock of $50,000, and transferred to it all the assets of his business, receiving himself 449 shares of its capital stock. Of the remaining shares 50 were issued to a brother-in-law and 1 share to his wife. The appellant was elected president and treasurer of the corporation and later acquired the stock which had been issued to his brother-in-law, thus becoming the owner of all the capital stock of the corporation except the share held by his wife. In addition to the business conducted through this corporation, he was engaged in the real estate business and become the owner, with one Goldstein, of different interests in real estate in Boston and vicinity. He also loaned money on real estate, and the District Court has found that he—

"was taking on the average about one mortgage a month, some of them for very substantial sums. His bank deposits and withdrawals amounted to about six thousand dollars per month."

The Simon Manufacturing Company had two bank accounts, one with the Commonwealth Trust Company and one with the Manufacturers' National Bank of Lynn; but these were discontinued, and in 1915 all the deposits of the . Simon Manufacturing Company were made in the name of Moses Goldman, who testified that there had been many attachments and keepers in the place of business of the Simon Manufacturing Company and so much trouble that he took the receipts of the company and deposited them in his own name and paid the bills of the company with his own personal check.

The bankrupt and two brothers-in-law organized on October 4, 1915, a new corporation, the Simon Coat Company, under the laws of Massachusetts, with $10,000 capital stock, one share of which was issued to each of the incorporators. The entire assets of the Simon Manufacturing Company were transferred to the new corporation, which continued to carry on the same business at the same location.

The certificate of condition of the Simon Manufacturing Company, filed as required by the laws of Massachusetts with the Commissioner of Corporations upon December 31, 1914, stated the assets of the corporation to be $69,264.18; liabilities, $10,264.18. The appellant testified that the assets transferred by the Simon Manufacturing Company to the Simon Coat Company consisted of merchandise on hand from $2,000 to $2,500; bills receivable, $6,000 to $7,000; fixtures and machinery, $900 to $1,000.

In actions commenced by creditors the Supreme Court of Massachusetts has found that the transfer of the assets of the old corporation to the new was fraudulent and made for the purpose of hindering and delaying creditors. 233 Mass. 85, 123 N. E. 340.

Although there were six specifications of objections to the debtor's discharge, we find it necessary to consider but one, which is in substance that the bankrupt willfully concealed certain books, including books of the Simon Manufacturing Company, with intent to conceal his financial condition.

The evidence discloses that the books of the Simon Manufacturing Company, through which agency the debtor carried on his business activities from 1909 until October, 1914, and of whose stock he was the sole owner except one share held by his wife, were disposed by him in a manner which warranted the finding of the District Court that—
"he concealed or destroyed the company's books of account in order to hinder successful investigation of its affairs," and also that the real estate transactions carried on by him were of such kind and magnitude that they must have been entered on books and evidenced by various papers which the debtor had destroyed or did not produce.

It is claimed that the destruction of the books of the corporation would not bar a discharge, but that the books destroyed or concealed must have been the books of the bankrupt. The language of the statute, however, is not confined to the books of the bankrupt, but provides that the bankrupt shall be discharged—

"unless he has with intent to conceal his financial condition destroyed, concealed or failed to keep books of account or records from which such condition might be ascertained."

As the bankrupt owned all the stock of the corporation, it was only the instrumentality chosen by him for conducting his business, and the destruction or concealment of its books could only have been for the purpose of concealing his financial condition. In re Berger (D. C.) 200 Fed. 325. He testified that he owed the corporation $25,000 at the time the transfer was made to the new corporation and had withdrawn this amount for his personal use. The books of the corporation would have enabled his trustees to determine the truthfulness of this claim and whether he had not withdrawn other and even larger amounts, and we think that the inference drawn by the District Court from the destruction or concealment of the books of the corporation that the bankrupt intended to conceal his financial condition is sustained by the evidence.

The order of the District Court is affirmed, with costs to the appellee in this court.