### In re E. H. WEBB GROCERY CO.
### No. 19258.

District Court, M. D. Tennessee, Nashville Division.

Feb. 1, 1940.

**4**

Cornelius, McKinney & Gilbert, of Nashville, Tenn., for petitioner.

H. R. Young, of Nashville, Tenn., Trustee in Bankruptcy.

DARR, District Judge.

This matter is before the Court on petition to review the order of the Referee adjudging the claim of the Hooper Grocery Company to be a preference.

The bankrupt, a grocer, sought to purchase certain goods from the Hooper Grocery Company on September 15, 1938. Being advised by this Company that further credit could not be extended, the bankrupt then submitted the proposition of giving a mortgage on certain of his store fixtures as security for the purchase price of the goods. After an examination by an official of the Hooper Grocery Company, it agreed to deliver the merchandise upon the giving of this mortgage. On this date, September 15, 1938, the mortgage was drawn and executed. The merchandise was delivered. The mortgage was not acknowledged and registered until September 16, 1938. The amount of goods delivered was a fair value and equivalent to the amount of the mortgage. The bankrupt was insolvent at the time of the delivery of the goods. The petition for and adjudication of bankruptcy was on January 16, 1939.

While the finding of facts does not directly say, it is to be assumed that the mortgage was delivered, either actually or constructively, on September 15, 1938.

The question turns on a proper construction of Section 60, sub. a, of the Bankruptcy Act, 11 U.S.Code, § 96, sub. a, 11 U.S.C.A. § 96, sub. a. This section reads as follows: "A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, or of the original petition under chapter 10, 11, 12, or 13 of this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. For the purposes of subdivisions a and b of this section, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, and, if such transfer is not so perfected prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12 or 13 of this title, it shall be deemed to have been made immediately before bankruptcy."

The Referee was of the opinion that the mortgage became effective on the date of its registration and thus that the claim was both an antecedent debt and a depletion of assets. That is, that the transfer of the bankrupt's property was on September 16, 1938, for a debt that he had created on September 15, 1938, and within four months of bankruptcy.

It is my idea that the Referee has misconstrued this section of the statute. I think that this section of the statute did not change in substance the prior law but simply clarified the former provisions.

Under the facts as stated, I think unquestionably that the mortgage created a lien in favor of the Hooper Grocery Company on September 15, 1938. That is, a lien good between the parties.

 Under the Tennessee statutes and authorities, a lien created by a mortgage, unregistered, is good between the parties and is good against everyone except lien or judgment creditors. When the mortgage is registered it relates back to the date of its execution and is good as of that date as against everyone except lien or judgment creditors. Gwynne v. Estes, 14 Lea, Tenn., 662, 673; Lookout Bank v. Susong, 90 Tenn. 590, 598, 18 S.W. 389.

Those provisions and authorities have been recognized by the federal courts in a construction of the Tennessee registration laws and on similar questions to the one under construction. Rode & Horn v. Phipps, 6 Cir., 195 F. 414; In re Willoughby, 6 Cir., 95 F.2d 932, certiorari denied Berry v. Austin, 305 U.S. 605, 59 S.Ct. 65, 83 L.Ed. 385.

It is to be noted that the section above referred to has this provision, "* * * and, if such transfer is not so perfected prior to the filing of the petition in bankruptcy * * *", etc. It is evident that Congress had in mind that in some states the transfer could be perfected within the four months prior to bankruptcy and relate back to date of instrument. This was to conform with the large number of decisions in a number of states, including Tennessee, where recording was required only in respect of creditors who have a fixed lien on the property, not to general creditors. 8 Corpus Juris Secundum, Bankruptcy, § 217, page 739, and citations.

It is to be remembered that before a Trustee may avoid a transfer because of the provision (60a) in question, he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period. Martin v. Commercial Nat. Bank, 245 U.S. 513, 38 S.Ct. 176, 62 L.Ed. 441; Jones v. Bank, 201 Mo. App. 545, 213 S.W. 892; Bradley v. Robie, 8 Cir., 266 F. 884.

I am of the opinion that this transfer was perfected on September 15, 1938, which was more than four months before bankruptcy. I think it was for a valuable consideration, in good faith, did not deplete the estate and was not for an antecedent debt.

I am further of the opinion, if a different view is taken, that under the facts of this case, this was a continuing transaction without any fraud or concealment and was for a present debt and did not deplete the estate. That is, all things occuring on September 15 and September 16 were one transaction, and if completed on September 16, within the four months period, would not be a preference.

It results that the decision of the Referee will be reversed and an order will be drawn and entered in accord with this opinion.