**178**

## In re DANIELLE CO., Inc.
### No. 1984.

United States District Court
D. Puerto Rico, San Juan Division.
Dec. 23, 1953.

Fiddler, Gonzalez & Nido, San Juan, Puerto Rico, for P. R. Industrial Dev. Co.

Enrique Igaravidez, San Juan, Puerto Rico, for petitioner.

William H. Beckerleg, San Juan, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

After giving due consideration to the Referee's Certificate on Review and to the exhibits attached thereto, as well as to the briefs filed by counsel, the Court is unable to agree with the referee in regard to his order of June 26, 1953, which is the subject of review herein.

█ Ordinarily, the expenses chargeable to the lienholder should be limited to an amount equivalent to the estimated costs of foreclosure under the state law, City of New Orleans v. Harrell, 5 Cir., 134 F.2d 399, 400, and should not exceed the expenses of sale and of so much else as actually helped to preserve the property or its proceeds, In re Myers, 2 Cir., 24 F.2d 349, 351.

It appears from the record that the lienholder, Puerto Rico Industrial Development Company, on December 5, 1952 filed with the Referee an Application for Appointment of Receiver based in that it was "absolutely necessary for the *preservation* of the estate that a receiver be appointed *to take charge* of the assets *and protect the same* until the appointment of a trustee."

The record further shows that, but for the accounts receivable, the assets of the estate consisted of the property later sold to said lienholder and which was encumbered with its lien.

█ Therefore, the rent payable from the date the receiver took possession of said property for the conservation thereof until it was sold to said lienholder is properly chargeable to and must be paid by it under the above-cited rule.

The appraiser's fees, as well as the expenses of publication of notice of sale and such others representing expenses actually attributable to the sale, are also chargeable to the lienholder and must also be paid by it.

Any other expenses, far beyond what would have cost the lienholders to fore-

close the lien under the laws of the Commonwealth of Puerto Rico, much less any share of the general expenses of administration of the estate, such as the premium on the trustee's bond, his fees, except so much thereof as could be actually identified as corresponding to services for the conservation of the property or for the effectuation of the sale, or any other court fees or expenses not strictly incurred on account of said conservation or sale, are not lawfully chargeable to said lienholder.

It follows, therefore, that the Referee's said order of June 26, 1953, must be, as it is hereby, reversed and set aside, and the case is ordered sent back to the Referee for further proceedings consistent with the present order.