**In the Matter of Richard KNAPP, Bankrupt-Appellant,**

**Michael J. Daly, III, State Court Receiver of Tanglewood Incorporated, and J. E. Smith & Company, Incorporated, Objecting Creditors, and John F. Phelan, Trustee in Bankruptcy of Estate of Richard Knapp, bankrupt, Appellees.**

No. 103, Docket 27591.

United States Court of Appeals Second Circuit.

Argued Oct. 25, 1962.

Decided Nov. 8, 1962.

Fred B. Rosnick, Waterbury, Conn., (Weisman & Weisman, Waterbury, Conn., on the brief; Sherman L. Quinto, Waterbury, Conn., of counsel), for appellant.

Walter R. Griffin, Waterbury, Conn., for J. E. Smith & Co., Inc., appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

The appeal raises a very narrow issue, namely, whether the findings of fact of the referee in bankruptcy are sufficient to support his denial of a discharge. General Order No. 47 requires the judge to accept the referee's findings of fact unless clearly erroneous. See In re Tabibian, 2 Cir., 289 F.2d 793, 795; Collier on Bankruptcy, 14th ed. Par. 14.65. We hold that Judge Timbers did not err in accepting the referee's findings and that they are adequate to support denial of a discharge.

The bankrupt conducted his business of constructing and selling residences

through Tanglewood, Inc., a corporation formed in December 1957. He was secretary and treasurer of the corporation and he owned 18 of its 20 shares of capital stock, the remaining shares being held by members of his family. After November 1958 he was unable to employ an accountant to keep the books of Tanglewood. From December 1958 to August 1959 he received some $26,000 from Tanglewood. No books of account or records, either personal or corporate, were produced to reflect to whom or for what purpose this sum was disbursed. His oral testimony left $11,150 of the money not accounted for.[1] The bankrupt's testimony that he kept the books of account after November 1958 and left them in his home which he vacated in August 1959, and from which they disappeared in some unknown fashion, was not believed by the referee. He found that the books and records of Tanglewood, Inc., were necessary to determine the bankrupt's personal financial condition, and held that the bankrupt, in failing to keep adequate books and records for Tanglewood after November 1958, had violated Bankruptcy Act § 14, sub. c(2), 11 U.S.C. § 32, sub. c(2). Further, the referee found that the bankrupt's inability to explain satisfactorily the loss of assets violated Bankruptcy Act § 14, sub. c(7), 11 U.S.C. § 32, sub. c(7).[2] The discharge was denied on both these grounds.

Under the circumstances disclosed in the record the referee properly found that the corporate books and records were necessary to determine the bankrupt's personal financial condition. Accordingly, the petition to review was properly denied by Judge Timbers. See

In re Sandow, 2 Cir., 151 F.2d 807; In re Muss, 2 Cir., 100 F.2d 395, 396; Simon v. Massachusetts Trust Co., 1 Cir., 276 F. 391, 392–93, cited in his memorandum opinion.

Order affirmed.

---

1. It was later stipulated by all parties that the bankrupt did orally account for the disbursement of the remaining $11,-150. The referee, however, was not satisfied even by the bankrupt's oral explanation as to the balance. Since the referee was under no obligation to accept the bankrupt's testimony concerning any or all of the lost assets, we hold the error brought to light by the stipulation—if error it was—to be harmless.

2. Section 14, sub. c(2) and sub. c(7) of the Bankruptcy Act, 11 U.S.C. § 32, sub. c(2) and sub. c(7) set forth as grounds for denying the bankrupt a discharge his failure "to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained" [§ 14, sub. c(2)] or "to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities." [§ 14, sub. c(7)].