**In the Matter of RAPID MOTOR LINES, INC., Bankrupt.**

No. 28962.

United States District Court
D. Connecticut.

July 11, 1963.

Irving H. Perlmutter, Asst. U. S. Atty., Hartford, Conn. (Robert C. Zampano, U. S. Atty., New Haven, Conn., on the brief) for petitioner, Small Business Administration.

Arthur S. Sachs, of Sachs, Sachs, Giaimo & Sachs, New Haven, Conn., for trustee.

TIMBERS, District Judge.

Petitioner Small Business Administration (SBA) having filed a petition for review of a bankruptcy order, pursuant to 11 U.S.C. § 67(c), presenting the question whether a lienor is chargeable with a ratable proportion of the expenses of a sale of assets free and clear of lienor's lien on a portion of such assets; and

470

The Court, having heard arguments by counsel for SBA in support of said petition for review and by counsel for the trustee in opposition; having received and considered the briefs of the respective parties, the certificate of the referee and the order of the referee; and

The Court being of the opinion that the petition for review should be denied and the order of the referee in bankruptcy should be confirmed, for the reasons that

■■ (i) The referee's finding that "Small Business Administration consented in writing to such sale free and clear of its liens" cannot be set aside by this Court in the absence of a showing that such finding is clearly erroneous (General Orders in Bankruptcy No. 47; In re Knapp, 309 F.2d 479 (2 Cir. 1962). See In re Sandow, 151 F.2d 807 (2 Cir. 1945); In re Muss, 100 F.2d 395, 396 (2 Cir. 1938)); no such showing has been made in the proceedings in this Court, despite SBA's argument that its consent was not necessary because the referee would have ordered the sale free of liens, even over the objection of SBA, in view of the strong likelihood that the sale would result in a fund in favor of general creditors over and above the lien of SBA; and

■ (ii) Despite the absence of statutory authority for assessment of expenses of a sale free and clear of liens and despite conflicting views of courts on the matter (Collier on Bankruptcy, § .70.99(6), pp. 1904–1905 (14th ed. 1942)), the rule in the Second Circuit is clear that where a lienor has consented to a sale of assets free and clear of its lien, it is chargeable "with a ratable proportion of the expenses of sale and of so much else as actually helped to preserve the property or its proceeds." (In re Myers, 24 F.2d 349 (2 Cir. 1928)); and

(iii) Recognizing the force of SBA's claim that as a secured credi-tor it should be paid in full and should not be charged with expenses of a sale which realized a sum substantially in excess of the amount due SBA and created a fund specifically for the payment of administration expenses (of which the expenses of sale appropriately should be a part), resulting in a positive benefit to the estate for which SBA as a secured creditor equitably should not be charged, nevertheless if the rule of thirty-five years' standing in this Circuit (In re Myers, supra) is to be changed, that will have to be done by a court in the federal system other than this most inferior of the inferior federal courts; it is

Ordered that the petition for review be, and the same hereby is, denied; and it is further

Ordered that the order of the referee in bankruptcy appealed from be, and the same hereby is, confirmed.